IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TERRI L. ANDERSON, | : | |
| | : | CIVIL ACTION NO. |
| Plaintiff, | : | _____ |
| | : | |
| v. | : | |
| | : | |
| FLUID MANAGEMENT, INC. | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

Plaintiff Terri L. Anderson brings this action under the Fair Labor Standards Act of 1938, as amended [29 U.S.C. §201, et. seq.], thereinafter "the Act," against Defendant Fluid Management, Inc. to recover unpaid overtime compensation, an additional equal amount as liquidated damages and reasonable attorneys' fees and costs.

## PARTIES

1.

Plaintiff Terri L. Anderson was at all times material an employee of Defendant in the State of Georgia.

1

2.

Defendant, at all times relevant to this action, has been duly organized and existing under the laws of the State of Delaware as a corporation, having a principal office address of 1023 South Wheeling Road, Wheeling, Illinois 60090-5799.  Defendant is registered to do business in the State of Georgia, and can be served through its registered agent, C T Corporation System, located at 1201 Peachtree Street, NE, Fulton, Atlanta, Georgia 30361.

3.

At all times relevant to the action, Defendant was the employer of Plaintiff, an employee, as defined by Sections 203(a), (e) and (g) of the Act [29 U.S.C. § 203(a), (e) and (g)].

4.

Defendant, at all times relevant to this action, acted directly or indirectly in the interest of Defendant in relation to its employees, including Plaintiff. Defendant set Plaintiff's rate of pay, required Plaintiff to regularly work more than 40 hours in a workweek, and determined that Plaintiff was not to be paid overtime compensation in accordance with the Act.  Therefore, Defendant is an employer within the meaning of Section 3(d) of the Act.

5.

At all times relevant to this action, Defendant, having engaged in related activities performed through unified operation or common control for a common business purpose, constituted an enterprise within the meaning of Section 3(r) of the Act [29 U.S.C. § 203(r)].

6.

At all times relevant to the action, Defendant employed employees, including Plaintiff, in and about its place of business in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials within the meaning of Sections 3(b), (g), (i) and (j) of the Act [29 U.S.C. § 203 (b), (g), (i) and (j)]. Defendant's employees, including Plaintiff, regularly used the instrumentalities of interstate commerce in their work, such as regular and recurrent use of interstate telephone calls, facsimilies, mail and delivery services, and internet. Plaintiff also performed work for Defendant outside the State of Georgia.

7.

At all times relevant to the action, Defendant had an annual gross volume of sales made or business done of not less than $1,000,000 (exclusive of excise taxes at the retail level which are separately stated).

8.

By reason of the foregoing, Defendant has been, at all times hereinafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in Sections 3(r) and (s) of the Act [29 U.S.C. § 203 (r) and (s)].

## JURISDICTION AND VENUE

9.

Jurisdiction of the action is conferred upon the Court by Section 16(b) of the Act [29 U.S.C. § 216(b)] and 28 U.S.C. Section 1337.

10.

Venue is proper in the Court because the unlawful employment practices complained of herein occurred in the judicial district and Defendant has a place of business within the judicial district. 28 U.S.C. § 1391.

## NATURE OF THE ACTION

11.

This is a Fair Labor Standards Act case based on Defendant's willful violations of the overtime provisions of the Act in which Plaintiff seeks to recover unpaid overtime compensation, an additional equal amount as liquidated damages,

and reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 207, 216 and 255(a).

## FACTS

12.

During the period from January 2013 to June 2015, Defendant employed Plaintiff as a Key Service Account Manager[1]. Throughout this period, Defendant paid Plaintiff a salary of $84,000 each year.

13.

Plaintiff regularly worked more than 40 hours in each workweek in which she was employed by Defendant during the period from January 2013 to June 2015. Defendant knew and required that Plaintiff regularly worked more than 40 hours per workweek.

14.

Defendant paid Plaintiff her regular salary even though she worked over 40 hours in a workweek. Defendant repeatedly violated Section 7 of the Act [29 U.S.C. § 207] by failing to compensate Plaintiff at a rate of at least one and one-half times the regular rate at which they were employed for every hour over 40 in a workweek. Defendant owes Plaintiff time-and-half for every overtime hour she

---

[1] Plaintiff originally went to work for Defendant in 2000 as a Field Technician. She was promoted to Key Service Account Manager in January 2013.

worked during her employment during the period from January 2013 through June 2015.

15.

Defendant knew or showed reckless disregard for whether its failure to pay Plaintiff overtime compensation was prohibited by the Act. Defendant's violations of the Act were willful and subject to the three year statute of limitations. 29 U.S.C. § 255(a).

16.

Plaintiff was required by Defendant to submit, and did submit to Defendant, records of the number of hours she worked throughout her employment.

17.

Defendant has at all times pertinent hereto been required by Section 11 of the Act [29 U.S.C. § 211] and the regulations at 29 C.F.R. Part 516 to keep the following complete and accurate records with respect to Plaintiff: the hour and day the workweek begins; total hours worked each workday and each workweek; total weekly straight-time earnings; total overtime compensation; date of payment and pay period covered.

18.

All records concerning the number of hours worked by Plaintiff and the compensation she received in workweeks in which she worked overtime hours are in the possession and under the custody and control of the Defendant, and Plaintiff is unable to state at this time the exact amount owing to her.  Plaintiff proposes to obtain such information by appropriate discovery proceedings to be promptly taken in this case, and Plaintiff will then amend the pleadings herein to set forth the amounts due her.

19.

Plaintiff estimates that she worked a total of at least 3,393 overtime hours for which she was not properly compensated.

**VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**

20.

Plaintiff incorporates herein the allegations set forth in Paragraphs 1 through 19 above as if set forth fully.

21.

Defendant repeatedly and willfully employed Plaintiff in the aforesaid enterprise for workweeks longer than 40 hours and failed and refused to compensate her for her employment in excess of 40 hours per workweek at a rate

of at least one and one-half times the regular rate at which she was employed, in violation of the requirements of Section 7(a) of the Act [29 U.S.C. § 207(a) and 255(a)].

22.

Defendant is liable to Plaintiff for all unpaid overtime compensation for which she should have been paid throughout her employment.  Plaintiff estimates that the amount in overtime compensation owed her is greater than or equal to $119,841.  Defendant further owes Plaintiff an additional equal amount of about $119,841 as liquidated damages.  Plaintiff is also entitled to recover from Defendant her reasonable attorney's fees and costs of the action.  29 U.S.C. § 216(b).

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant for the following relief:

1. An award in the amount of unpaid overtime compensation due Plaintiff to be determined at trial;

2. An award of liquidated damages in an amount equal to the unpaid overtime compensation award;

3. An award of reasonable attorneys' fees and the costs of this action; and

4. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all triable issues.

The 19th day of August, 2015.

                                      The Doss Firm, LLC

                                      /s/ Jason R. Doss_____
                                      Jason R. Doss
                                      Georgia Bar No. 227117

                                      /s/ Samuel T. Brannan
                                      Samuel T. Brannan
                                      Georgia Bar No. 076688

36 Trammell Street, Suite 101
Marietta, Georgia 30064
Telephone: (770) 578-1314
Facsimile: (770) 578-1302
Email: jasondoss@dossfirm.com

                                      O'DELL & O'NEAL, P.C.

                                      /s/Justin O'Dell_____
                                      Justin O'Dell
                                      Georgia Bar No. 549414

506 Roswell Street, Suite 210
Marietta, Georgia 30060
www.odelloneal.com
(770) 405-0164

                                      ATTORNEYS FOR PLAINTIFF TERRI L. ANDERSON

## CONSENT BY PLAINTIFF

I, Terri L. Anderson, hereby consent to being named as a party Plaintiff to this Action.


/s/ Terri L. Anderson
Terri L. Anderson