## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims (the "Agreement") is made by Fluid Management, Inc. and its officers, employees, agents, directors, representatives, successors, affiliated entities, assigns, and shareholders ("Defendant") and Terri Anderson ("Plaintiff"), regarding her claims for unpaid overtime wages under the Fair Labor Standards Act ("FLSA") (the "claims").

This Agreement is made as a compromise between Plaintiff and Defendant (collectively, the "Parties") for the complete and final settlement of their claims, differences and causes of actions raised by Plaintiff.

## RECITALS

WHEREAS, Plaintiff filed suit against Defendant asserting her claims at issue in this Agreement in the case styled *Anderson v. Fluid Management, Inc.*, Case No. 1:15-cv-02937-TCB, U.S. District Court for the Northern District of Georgia (the "Litigation").

WHEREAS, Defendant denies Plaintiff's allegations regarding her claims.

WHEREAS, on December 14, 2015, the Parties arrived at an agreement to settle her claims.

WHEREAS, Defendant denies, and continues to deny, the allegations in the Litigation and all liability and damages of any kind to anyone with respect to the alleged facts or causes of action asserted in her claims; nonetheless, without admitting or conceding any liability or damages, and solely to avoid the burden, expense and uncertainty of litigation, Defendant has agreed to settle her claims on the terms and conditions set forth in this Agreement.

WHEREAS, the Parties recognize the outcome in the Litigation would be uncertain and achieving a final result through litigation would require additional risk, discovery, time and expense.

WHEREAS, counsel have investigated and evaluated the facts and law relating to the claims asserted in Plaintiff's claims; after balancing the benefits of settlement with the costs, risks, and delay of litigation, Plaintiff and her counsel believe the settlement as provided in this Agreement is in the best interests of Plaintiff and represents a fair, reasonable, and adequate resolution of his claims.

NOW THEREFORE, the Parties, intending to be legally bound, and in consideration of the mutual covenants and other good and valuable consideration set forth below, agree as follows:

## AGREEMENT

**A.     Consideration:** In order to resolve Plaintiff's FLSA claims, Defendants agree to pay a total of $160,000.00 (collectively the "Settlement Payment"):

 (i) $106,266.67 to Plaintiff as overtime wages and liquidated damages, and
 (ii) $53,333.33 to Plaintiff's counsel for attorney's fees and $400.00 for costs.
 (iii) Defendant agrees to pay all costs incurred in the mediation of this case.

**B.** **Settlement Payment and Taxes:**

 1. One-half of the settlement amount to Plaintiff for overtime claims in Section (A)(i) (i.e., $53,133.33) shall be allocated to settlement of Plaintiff's claim for alleged unpaid overtime wages (the "W-2 payment"), and the remaining one-half of the settlement amount to Plaintiff for overtime claims in Section (A)(i) (i.e., $53,133.33) shall be allocated to settlement of Plaintiff's claim for alleged unpaid liquidated damages, which shall be paid separately without any deduction for any taxes or other withholdings, in non-employment income reported in Box #3 on IRS Form 1099-MISC (the "1099 payment"). The payments will be made as follows: (i) the W-2 payment shall be paid within ten (10) days of the Court's approval of the Agreement ("Approval Order"), and (ii) the 1099 payment shall be made within ten (10) days of the Court's Approval Order, pursuant to the Parties' motion for approval of settlement to be filed in the Litigation no later than ten (10) business days from the date of this Agreement.

 2. The payment to Plaintiff's counsel for attorney's fees and costs pursuant to Section (A)(ii) shall be paid to "The Doss Firm, LLC" and "O'Dell & O'Neal" ("Plaintiff's Counsel") by two separate checks without any deduction for any taxes or other withholdings (the "1099 fee payment") within ten (10) days of the Approval Order. The 1099 fee payment shall be processed by 1099 issued to Plaintiff's Counsel using a W-9 for $27,066.67 to The Doss Firm, LLC and $26,666.66 to O'Dell & O'Neal, and reported in Box #14 on IRS Form 1099-MISC. The settlement amounts paid to Plaintiff's Counsel for fees and costs constitute payment of Plaintiffs' attorneys' fees and costs on all claims under the FLSA.

 3. Defendants shall be responsible for determining, processing, and reporting the amount of tax withholding, if any, required from the W-2 payments made under this Agreement. Plaintiff agrees to indemnify and hold Defendant harmless of and from any claims of Plaintiff or third party, including governmental taxing authorities, for income taxes, FICA, or any other taxes of any kind relating to taxes owed by Plaintiff on the payments set forth in Paragraph (A). In the event Defendant is required to pay taxes owed by or on behalf of Plaintiff (but not taxes owed by Defendant as employer's portion of taxes owed to any tax authority by or on behalf of Plaintiff) arising from the payments specified in Paragraph (A), or related interest, penalties or fines, Plaintiff shall immediately reimburse Defendant the full amount of such payment.

 4. Payment by the dates specified in Subsections 1 and 2 above shall be made by delivery of payment to Plaintiff's Counsel's office by the date provided in this Agreement.

**C.** **Mutual Releases:** In exchange for the payments set forth above, and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff hereby **RELEASES, REMISES, AND FOREVER DISCHARGES** Defendant, its affiliated companies, its former and current trustees, officers, administrators, agents, attorneys, employees, personally and in their respective capacities, and any other person or entity representing or succeeding to any such person or entity, from any and all claims, demands, rights, charges,

actions, interests, debts, liabilities, damages, costs, attorneys' fees and expenses, or causes of action of whatever type or nature, whether legal or equitable, whether known or unknown to him/her which he/she may now have against them, either individually, jointly, or severally, expressly limited to only his/her individual claims under the Fair Labor Standards Act for payment of hours worked up to the date of this Agreement, all liquidated damages that Plaintiff may be entitled to under the FLSA, all attorney's fees that Plaintiff may be entitled to under the FLSA, and any other award, recovery, damages or compensation that Plaintiff may be entitled to under the FLSA, and it is expressly agreed that Plaintiff is not releasing any other claims in this Agreement, and that this release shall not have res judicata or collateral estoppel effect on any claims not expressly released in this Agreement. Defendant, its directors, officers, administrators, agents, subsidiaries, affiliates, and attorneys, hereby **RELEASE, REMISE, AND FOREVER DISCHARGE** Plaintiff from any and all claims, demands, rights, charges, actions, interests, debts, liabilities, damages, costs, attorneys' fees and expenses, or causes of action of whatever type or nature, whether legal or equitable, whether known or unknown to them which they may now have against him, either individually, jointly, or severally, based upon acts or facts which have occurred from the beginning of time to the date of this Agreement, arising out of or related to his claims released in this Agreement.

**D.     Court Approval:** Within ten (10) business days of the execution of this Agreement the Parties will file with the Court on the publicly available docket a joint motion for approval of the terms of this Agreement, attaching this Agreement as an exhibit thereto. The Parties will cooperate and take all necessary steps to effect final judicial approval of this Agreement. The Parties expressly agree that the terms of this Agreement are fair and equitable, and to the extent that Plaintiff's Counsel is required to petition the Court for approval of the reasonableness and amount of its attorneys' fees and costs to be paid under this Agreement, Defendant does not oppose and agrees not to oppose the amount (or the reasonableness of the amount) of Plaintiff's attorneys' fees to be paid to Plaintiff's Counsel out of the total Settlement Payment.

**E.     No Admission of Liability:** The Parties agree and acknowledge this Agreement is the result of a compromise and shall not be construed whatsoever as an admission of liability, responsibility, or wrongdoing by Defendant. Defendant denies any liability, responsibility, or wrongdoing as alleged in the claims.

**F.     Severability of Provisions:** After approval by the Court, as addressed above, if any portion of this Agreement is held to be invalid by operation of law, the remaining terms of this Agreement shall not be affected and shall continue in full force and effect. If the Court does not approve this Agreement in whole, however, the Parties agree they will attempt, in good faith, to revise this Agreement consistent with the intent of the Parties, as reflected in this Agreement, including at a minimum submitting any disputes arising out of a court's failure to approve this Agreement that the Parties are unable to resolve to Ellen Mallow, Esq. for additional mediation, to resolve the Court's objections and resubmit this Agreement for approval by the Court within ten (10) days of any Order rejecting settlement approval.

**G.     Knowing and Voluntary Waiver:** The Parties acknowledge and agree they had sufficient time to consider this Agreement and consult with legal counsel of their choosing concerning its meaning. When entering into this Agreement, the Parties have not relied on any

3

representations or warranties made by the Parties, other than representations and warranties expressly set forth in this Agreement.

H.    **Choice of Law:** The enforcement of this Agreement shall be governed and interpreted by, and under, the laws of the State of Georgia regardless of whether any party is, or may hereafter be, a resident of another state.

I.    **Extension of Time:** The Parties may mutually agree upon a reasonable extension of time for deadlines and dates reflected in this Agreement, without further notice.

J.    **Amendments/Modifications:** No waiver, modification, or amendment of the terms of this Agreement shall be valid or binding unless in writing, signed by all of the Parties.

K.    **Binding Agreement:** This Agreement shall be binding upon, and inure to the benefit of, the Parties and their affiliates, beneficiaries, heirs, executors, administrators, successors, and assigns.

L.    **No Third-Party Beneficiaries:** This Agreement shall not be construed to create rights in, grant remedies to, or delegate any duty, obligation or undertaking established herein to, any third party as a beneficiary of this Agreement.

M.    **Non Disparagement:** Plaintiff agrees that she shall not make any oral or written statements or engage in conduct of any kind that either disparages, criticizes, defames, or otherwise casts a negative characterization upon Defendant or any of the other parties released. Plaintiff further agrees that he will not direct, encourage, or assist anyone else to do so. Defendant agrees that this provision is mutual. Upon inquiry, Defendant agrees to provide a neutral reference for Plaintiff, consisting only of her dates of employment, position and final rate of pay.

N.    **Entire Agreement:** This Agreement constitutes the entire agreement of the Parties concerning the subjects included herein.

O.    **Captions:** The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience only, and shall have no effect on the construction or interpretation of any part of this Agreement.

P.    **When Agreement Becomes Effective; Counterparts:** This Agreement shall become effective upon its execution and approval by the Court; however, the date of execution by the Parties shall be the effective date of the Agreement for the purposes of determining the end date of the releases contained herein. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if the Parties had signed the same instrument.

Q.    **Facsimile Signatures:** Execution by facsimile or signed .pdf delivered by email shall be deemed effective as if executed in original.

R.   **Corporate Signatories:** Each person executing this Agreement, including execution on behalf of the corporate defendant, warrants and represents that such person has the authority to do so.

S.   **Continuing Jurisdiction:** Nothing in this Agreement is intended to limit the Court's authority to retain continuing and exclusive jurisdiction over the Parties to this Agreement, for the purpose of the administration and enforcement of this Agreement.

_____
Terri Anderson
Date: 12-23-2015

Abgail K. Roche
IDEX Corporation
1-5-16

REVIEWED AND APPROVED AS TO FORM BY COUNSEL:

_____
Jason R. Doss
Date: 12/23/15

_____ w/ express permission COUNSEL FOR DEFENDANT
Justin O'Dell
Date: 12/23/15

COUNSEL FOR PLAINTIFF

_____
Ted Bohm Bochm
Date: 1/15/16

5